1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRIAN D. EDWARDS,                    Case No. CV 09-2584 GHK (SS)

12              Plaintiff,

13      v.                               **MEMORANDUM DECISION AND ORDER**

14  CALIFORNIA STATE PRISON LOS          **DISMISSING FIRST AMENDED**
    ANGELES COUNTY, et al.,
15                                       **COMPLAINT WITH LEAVE TO AMEND**
                Defendants.
16

17

18                        **I.**

19                   **INTRODUCTION**

20

21      On August 6, 2012, Plaintiff Brian D. Edwards,

22  ("Plaintiff"), a state prisoner proceeding <u>pro</u> <u>se</u>, constructively

23  filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 (the

24  "FAC," Dkt. No. 27).  Congress mandates that the court screen, as

25  soon as practicable, "a complaint in a civil action in which a

26  prisoner seeks redress from a governmental entity or officer or

27  employee of a governmental entity." 28 U.S.C. § 1915A(a).  The

28  court may dismiss such a complaint, or any portion of it, before

service of process if the court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b). For the reasons stated below, the First Amended Complaint is DISMISSED with leave to amend.

## II.

### ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff alleges that the following defendants -- all employees at California State Prison, Los Angeles County (the "Prison") -- violated his civil rights:  (1) N. Motz, identified as Director of Nurses; (2) nurse B. Ingram; (3) Warden F.B. Haws; (4) correctional officer T. Jerid; and correctional officers identified only as (5) Franscia, (6) Mikel, (7) Duenaz, and (8) Allen (collectively "Defendants").   (FAC at 5-6).[1]   Plaintiff sues all Defendants in their individual and official capacities. (Id.).

Plaintiff raises three claims of deliberate indifference to Plaintiff's medical needs and safety.[2]   In Claim I, Plaintiff asserts that on December 18, 2007, Ingram furnished Plaintiff

---

[1] Plaintiff filed 104 pages of claims and exhibits in addition to the Court's six-page civil rights complaint form.  For ease of reference, the Court refers to these pages as if consecutively numbered.
[2] Plaintiff groups his claims under three headings.  However, each purported claim encompasses multiple acts by two or more defendants.

with used or defective asthma inhalers, and then withheld asthma treatment for three days after Plaintiff complained. (Id. at 8, 10-12). Plaintiff contends that Motz permitted this "medical neglect" as Ingram's supervisor and that Warden Haws was ultimately responsible. (Id. at 8, 12). In Claim II, Plaintiff asserts that from August 23 to 30, 2008, while he was in administrative segregation, unnamed members of Motz's staff refused treatment for Plaintiff's breathing problems. (Id. at 13-14). Haws, as warden, allegedly condoned the nurses' "deliberate indifference." (Id. at 15).

In Claim III, Plaintiff asserts that on February 8, 2008, correctional officer T. Jerid physically assaulted Plaintiff by slamming a "food port" door on his hand, and then denied Plaintiff access to medical attention. (Id. at 9). Officers Franscia, Mikel, Allen and Duenaz allegedly witnessed the assault but did not take action or report the incident. (Id. at 17-18). A hospital treated Plaintiff for hand lacerations and swelling the next day. (Id. at 72-82). Then, on February 24, 2008, an unnamed correctional officer allegedly assaulted Plaintiff in "retaliation" for Plaintiff's reporting his earlier injury to the hospital. (Id. at 19). Plaintiff asserts that Haws was aware of both assaults but did not take action, in deliberate indifference to Plaintiff's safety. (Id. at 9, 15-16).

1  Plaintiff seeks compensatory damages of "3 plus million
2  against [D]efendants jointly and severally," punitive damages in
3  the same amount, a jury trial and costs.[3]  (Id. at 21).

4

5                              III.

6                          DISCUSSION

7

8      Under 28 U.S.C. section 1915A(b), the Court must dismiss
9  Plaintiff's First Amended Complaint due to multiple pleading
10 defects.  However, the court must grant a pro se litigant leave
11 to amend his defective complaint unless "it is absolutely clear
12 that the deficiencies of the complaint could not be cured by
13 amendment."  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)
14 (citation and internal quotation marks omitted).  Accordingly,
15 for the reasons stated below, the First Amended Complaint is
16 DISMISSED with leave to amend.[4]
17 \\
18 \\
19 \\
20 \\

21

22 [3] Plaintiff also asks the Court to apply the four-factor test for
   analyzing the reasonableness of prison regulations under Turner
23 v. Safley, 482 U.S. 78 (1987).  However, Turner is inapposite.
   In Turner, the Supreme Court established factors for determining
24 whether prison regulations that impinge upon inmates'
   constitutional rights are "reasonably related to legitimate
25 penological interests."  Turner, 482 U.S. at 89-91.  Plaintiff
   neither alleges nor demonstrates that the Prison applied or
26 maintained regulations that violated his constitutional rights.
27 [4] A magistrate judge may dismiss a complaint with leave to amend
   without the approval of a district judge.  See McKeever v. Block,
28 932 F.2d 795, 798 (9th Cir. 1991).

                              4

1   **A.     <u>Plaintiff's Official Capacity Claims Are Defective</u>**

2

3          Plaintiff sues Defendants for damages in both their official

4   and individual capacities.    (FAC at 5-7).   Plaintiff's official-

5   capacity claims are barred by the Eleventh Amendment and cannot

6   proceed.

7

8          Pursuant to the Eleventh Amendment, a state and its official

9   arms are immune from suit under section 1983.   <u>Howlett v. Rose</u>,

10  496 U.S. 356, 365 (1990); <u>Brown v. Cal. Dept. of Corrections</u>, 554

11  F.3d 747, 752 (9th Cir. 2009) ("California has not waived its

12  Eleventh Amendment immunity with respect to claims brought under

13  § 1983 in federal court").   "[A] suit against a state official in

14  his or her official capacity . . . is no different from a suit

15  against the State itself." <u>Flint v. Dennison</u>, 488 F.3d 816, 824-

16  25 (9th Cir. 2007) (citation omitted).     Therefore, state

17  officials sued in their official capacity are generally entitled

18  to immunity.   <u>Id.</u> at 825.   However, state officials sued in their

19  official capacity are considered "person[s]" when they are sued

20  for prospective injunctive relief under section 1983, and the

21  Eleventh Amendment does not bar such claims.   <u>Id.</u>

22

23         Here, Defendants are all state employees sued for damages in

24  their official capacity.   Plaintiff does not seek injunctive

25  relief warranting an exception to the Eleventh Amendment bar.

26  Therefore, the instant action is functionally a suit against the

27  State of California.   Accordingly, Plaintiff's claims against all

28

1    Defendants in their official capacity are barred by the Eleventh
2    Amendment and must be dismissed.

3

4    **B.    Plaintiff Fails To State Claims Against Defendants Motz And**
5    **Haws In Their Individual Capacity**

6

7         "To establish personal liability in a § 1983 action, it is
8    enough to show that the official, acting under color of state
9    law, caused the deprivation of a federal right." Kentucky v.
10   Graham, 473 U.S. 159, 166 (1985).   However, a supervisor is only
11   liable for subordinates' constitutional violations "if the
12   supervisor participated in or directed the violations, or knew of
13   the violations and failed to act to prevent them." Starr v.
14   Baca, 652 F.3d 1202, 1221 (9th Cir. 2011) (quoting Taylor v.
15   List, 880 F.2d 1040, 1045 (9th Cir. 1989)).   Thus, to prevail in
16   his claims against Motz and Haws, Plaintiff must show either
17   their personal participation in the alleged constitutional
18   violations or a "sufficient causal connection" between their
19   conduct and his alleged injuries.   See id. at 1207.

20

21        Plaintiff fails to allege sufficient facts to state section
22   1983 claims against Motz and Haws.   In Claims I and II, Plaintiff
23   asserts that Ingram, not Motz, delivered used or defective
24   inhalers and that Ingram, other nurses and correctional officers
25   denied Plaintiff breathing treatments.   (FAC at 8-15).   Plaintiff
26   claims that Motz "refuse[d]" to intervene when her subordinates
27   delivered substandard care, but does not provide any facts to
28   substantiate this claim.   (See id. at 8).   Similarly, Plaintiff

alleges that correctional officers who are not named as defendants were involved in Plaintiff's allegedly unsuccessful attempts to get needed asthma inhalers and breathing treatments. (See id. at 10, 11, 14, 15).  However, Plaintiff does not allege that any direct or indirect conduct by Warden Haws prevented his access to treatment.  Rather, Plaintiff states in a conclusory fashion that Haws, as warden, was ultimately responsible for prisoners' care and safety.  (Id. at 12-13).

In Claim III, Plaintiff alleges that Haws "knew I was assault [sic] twice" and allowed an unnamed correctional officer to retaliate once Plaintiff complained about his hand injury. (Id. at 9).  However, Plaintiff does not allege any specific facts to demonstrate that Haws was aware of, condoned or was otherwise causally connected with this conduct.  (See id. at 15-19).  Because Plaintiff does not show that Motz and Haws participated directly in constitutional violations, knew of the actions and failed to prevent them, or that their conduct caused him injury, he fails to state claims against these defendants in their individual capacity.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

**C.    The Complaint Violates Rule 8**

Plaintiff's First Amended Complaint does not comply with the standards of Federal Rule of Civil Procedure 8.  See Fed. R. Civ. P. 8.  Rule 8(a)(2) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   "Each allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (pleading may violate Rule 8 in "multiple ways," including saying "too little" or "too much").

Here, the First Amended Complaint mixes potentially relevant and irrelevant facts with legal argument and exhibits, rendering its claims confusing and nonsensical.   (See FAC at 1-110). Although Plaintiff partially utilized the Court's standard form for civil rights complaints, the Complaint is 110 pages long. The complaint's long, rambling narrative fails to clearly identify the factual bases for each claim, or to state how each defendant's actions specifically violated Plaintiff's civil rights.

Moreover, some of Plaintiff's exhibits contradict his claims and others are wholly irrelevant.   For example, Plaintiff provides several pages of administrative records showing that, far from withholding breathing treatment in August 2008, Prison staff responded to his request by prescribing new inhalers and weekly "Peak Flow" breathing checks, which Plaintiff refused. (FAC 36-37).   Plaintiff also appends several pages of statements from other inmates that either describe events unrelated to Plaintiff's claims or that do not relate to Plaintiff at all. (FAC 99-108).

1    Therefore, the Complaint fails to provide Defendants with
2    fair notice of the claims in a short, clear and concise
3    statement, as Rule 8 requires.  Even if the factual allegations
4    pertaining to each claim were more clearly identified, it would
5    be difficult, as a practical matter, for Defendants to frame a
6    responsive pleading.  Where a Rule 8 violation is egregious, as
7    in this case, dismissal is appropriate.  See McHenry v. Renne, et
8    al., 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal
9    of third amended complaint that was "argumentative, prolix,
10   replete with redundancy, and largely irrelevant"); Hatch v.
11   Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) (dismissing
12   "confusing and conclusory" seventy-page complaint).
13   Nevertheless, "dismissal without leave to amend is improper
14   unless it is clear, upon de novo review, that the complaint could
15   not be saved by any amendment." Lee v. City of Los Angeles, 250
16   F.3d 668, 692 (9th Cir. 2001) (citations omitted).

17
18                              **IV.**
19                          **CONCLUSION**
20
21   Accordingly, the First Amended Complaint is dismissed with
22   leave to amend.  If Plaintiff still wishes to pursue this action,
23   he must file a Second Amended Complaint stating all of his claims
24   for relief within thirty (30) days from the date of this Order.
25
26   In any amended complaint, Plaintiff shall cure the defects
27   described above.  The Second Amended Complaint, if any, shall be
28   complete in itself and shall bear both the designation "Second

9

Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the First Amended Complaint. The caption shall include all parties that Plaintiff is suing. Each page of the Second Amended Complaint must be consecutively numbered.

Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each claim. Plaintiff should clearly state which defendant committed a particular act of misconduct. Individuals who have not engaged in any alleged misconduct should not be named as defendants. It is not necessary for Plaintiff to cite case law or include legal argument. Moreover, irrelevant exhibits or other extraneous documents are not necessary for Plaintiff to include with his Second Amended Complaint. **Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to**

**prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**   Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).   A form Notice of Dismissal is attached for Plaintiff's convenience.

DATED:  March 11, 2015

                                              /S/
                                    SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE


**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**